CRIMINAL LAW ☞720(5), 780(2)—ARGUMENT AND INSTRUCTION UPON NECESSITY OF CORROBORATION OF ACCOMPLICE'S TESTIMONY PROPER.

Where defendant was convicted of theft of a carburetor from an automobile upon the testimony of a witness who stole the carburetor and whom defendant had helped, it was error not to permit counsel to address the jury on the matter of corroboration of accomplice's testimony and to fail to instruct thereon.

Appeal from Matagorda County Court; John F. Perry, Judge.

Lloyd Newton was convicted of theft of property under the value of $50, and he appeals. Reversed and remanded.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of theft of property under the value of $50.

The state used Childs as a witness, the party who really committed the theft. Childs pleaded guilty to stealing the property, and testified against appellant. The evidence of Childs is to the effect that he and appellant and another party were out driving in a car, and went by the residence of the owner, stopped the car, and Childs took from the car of the owner a carburetor worth about $5; that he had trouble in getting it out of the machine and called appellant to help him; and that appellant assisted him to the extent of holding the pliers while Childs was taking the carbureter from the machine. The other boy who was with them in the car was asleep at the time, and testified he knew nothing about it; that after he woke up he saw a carburetor in the machine they were driving. This is the case substantially.

Appellant proved a good character for honesty, which was not controverted. The bills of exception are not, technically speaking, as complete as they might be; but there are sufficient objections to the court's action in failing and refusing to charge the law applicable to corroboration of the testimony of the accomplice. A charge on this subject was not given. There was an exception reserved. While counsel for appellant was addressing the jury with reference to accomplice testimony, the court stopped him and would not permit him to argue it, inasmuch as he did not charge upon that theory of the case. He limited the argument of counsel to the questions submitted in the charge. This he had no authority to do. Defendant had right to have counsel argue the facts. Without going into details of these matters seriatim, it is sufficient to dispose of this case by stating that appellant was entitled to a charge on accomplice testimony, and the court erred in not so instructing the jury.

The judgment will be reversed, and the cause remanded.

═══════

### WALKER v. STATE. (No. 5629.)

(Court of Criminal Appeals of Texas. Jan. 14, 1920.)

CRIMINAL LAW ☞1121(1)—FACTS NECESSARY TO ENABLE APPELLATE COURT TO PASS ON INSUFFICIENCY OF EVIDENCE.

Where record does not contain a statement of the facts or bill of exceptions, appellate court cannot pass upon the sufficiency of the evidence to support conviction.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Trave Walker was convicted of burglary, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This appeal was prosecuted from a conviction for burglary.

The record does not contain a statement of the facts or bill of exceptions. The motion for a new trial complains of the insufficiency of the evidence to support the conviction. Without the facts this court cannot intelligently revise any of the grounds set up in the motion.

As the record is presented to this court, the judgment will be affirmed.